IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RASHEEM COLEMAN, )<br>)<br>        Petitioner, )<br>)<br>v. )<br>)<br>DAVID R. MCKUNE, et al., )<br>)<br>        Respondents. )<br>_____) | **CIVIL ACTION**<br><br>No.  07-3011-MLB |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. The court's memorandum and order of August 17, 2007 denying petitioner's application pursuant to 28 U.S.C. § 2254 (Doc. 8);

2. Petitioner's Fed. R. Civ. P. 60(b)(4) motion filed August 13, 2015 (Doc. 11);

3. Respondent's response (Doc. 13); and

4. Petitioner's reply (Doc. 15).

Petitioner did not appeal this court's memorandum and order of August 17, 2007 denying his motion pursuant to 28 U.S.C. § 2254. Instead, after waiting almost eight years, petitioner sought leave from the Tenth Circuit to file a second § 2254 application. The Circuit denied petitioner's application by its order of August 4, 2015 (Case No. 15-3170) (Doc. 13-1). Then, without mentioning the Circuit's order, but instead in a transparent attempt to make an end-run around it, petitioner filed a Rule 60(b)(4) motion. His contention is ". . . the district court improperly failed to find facts and conclusions of law in regard to habeas corpus claims [which] represents a 'true' 60(b) claim." (Doc. 15 at 2). Petitioner cites Fed R. Civ. P. 52 but no supporting case law.

Rule 52(a)(1) provides, in pertinent part: "In an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately." As respondents point out, § 2254 is not a "trial" within the meaning of Rule 52. The court denied petitioner's 2254 application without a hearing because a hearing was neither required nor necessary. If petitioner felt aggrieved by the court's failure to do so, he should have appealed. But even if the court had conducted a hearing, it would not have been required under Rule 52 to make findings of fact and conclusions of law.

Giving petitioner the benefit of the doubt because of his pro se status, the court reluctantly concludes that his motion is a "true" Rule 60(b)(4) motion to the extent that it raises a Rule 52 claim. For the reasons stated, the motion is denied. To the extent, if any, that petitioner has attempted to raise other claims, they amount to a third and successive § 2255 application over which this court has no authority to rule.

IT IS SO ORDERED.

Dated this __15th__ day of September 2015, at Wichita, Kansas.

                                             s/Monti Belot
                                             Monti L. Belot
                                             UNITED STATES DISTRICT JUDGE